UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN BARIL<br>　　Plaintiff,<br><br>vs.<br><br>CELLCO PARTNERSHIP and<br>VERIZON WIRELESS, LLC<br>　　Defendants, | )<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>) 1:13-cv-00231<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is an action for actual and/or statutory damages brought by plaintiff Steven Baril, an individual consumer, against the Defendants for violations of the law, including but not limited to, violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), New Hampshire RSA 570-A: Wiretapping and Eavesdropping (hereinafter "Chapter 570-A"), and New Hampshire RSA 358-C Unfair, Deceptive, or Unreasonable Collection Practices (hereinafter "Chapter 358-C"). These charges arise out of the invasions of Plaintiff's personal privacy by the Defendant and their agents in their illegal efforts in engaging in harassing and unconsented phone calls to Plaintiff's personal cell phone including phone calls made after Defendants were instructed not to contact Plaintiff further.

## II. JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. §§ 1331 and 1337. It also arises under 28 U.S.C. § 1367 for supplemental state claims. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants each transact business within New Hampshire and each has filed with the New Hampshire Secretary of State and is in good standing.

## III. PARTIES

3. Plaintiff, Steven Baril (hereinafter "Steven") is a consumer, a natural person, residing in Rockingham County, in the state of New Hampshire.

4. Defendant Verizon Wireless (hereinafter "Verizon") is a Delaware corporation with its principal place of business located at One Verizon Way, Basking Ridge New Jersey 07920, Business ID 548934, and with a registered agent listed with the New Hampshire Secretary of State's office as CT Corporation System located at 9 Capitol Street in Concord, New Hampshire.

5. Defendant CellCo Partnership is a Delaware Corporation with its principal place of business located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street in Wilmington Delaware 19801 and with a registered agent listed as CT Corporation System located at 9 Capitol Street in Concord, New Hampshire. CellCo owns and operates retail stores nationwide doing business as Verizon Wireless. Verizon is a joint venture of Verizon Communications and UK based Vodafone. Verizon Wireless principal business is wireless

telecommunications with 2,330 locations. CellCo is in good standing as of the date of this complaint filing according to the NH Secretary of State's office.

6. At all times relevant hereto, while conducting business in New Hampshire, Defendants have been subject to, and required to abide by, the laws of the United States and the State of New Hampshire, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations"), as well as the opinions, regulations and order issued by courts and the Federal Communication Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA Regulations.

7. At all times relevant hereto, while conducting business in New Hampshire, Defendants have been subject to, and required to abide by, the laws of the United States and the State of New Hampshire, which include Chapter 570-A, and Chapter 358-C.

8. At all times described herein, Defendant, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

## IV. FACTUAL ALLEGATIONS

9. Herein, whenever Plaintiff Steven Baril alleges the Defendants either acted or failed to act in some manner, it means that Mr. Baril alleges that Defendants acted through one or more of their authorized employees, representatives and/or agents.

10. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed harassing calls to Mr. Baril, through the use of a so-called

"auto-dialer", for the purpose of collecting a consumer debt from him. Mr. Baril is a 'person' as defined by 47 U.S.C. § 153(10).

11. On April 1, 2013 at 9:14 am Defendants called Steven's cell phone number using an automatic telephone dialing system (hereinafter "auto-dialer") as defined under 47 U.S.C. § 227 (a)(1)(A)and(B).

12. On April 1, 2013 at 9:26 am Mr. Baril clearly instructed Defendants to stop calling using an auto-dialer.

13. On April 1, 2013 at 6:51 pm Defendants called Mr. Baril using an auto-dialer as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) despite previous clear and unambiguous instructions not to do so.

14. Defendants called Mr. Baril using an auto-dialer as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) despite previous clear and unambiguous instructions not to do so.

15. On April 4, 2013 at about 11:38 am Mr. Baril called the Defendants and again instructed them to stop calling using an auto-dialer and informed the Defendant about the TCPA, and stressed that continued calls were a violation thereof. Mr. Baril advised Defendants that the call was being recorded, and the Defendants voiced no objection.

16. On April 5, 2013 at 8:53 am, Defendants called Mr. Baril using an auto-dialer as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) despite previous clear and unambiguous instructions not to do so.

17. On April 6, 2013 at 9:02 am, Defendant called Mr. Baril using an auto-dialer as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) despite previous clear and unambiguous instructions not to do so.

18. On April 8, 2013 at 9:39 am, Defendant called Mr. Baril using an auto-dialer as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) despite previous clear and unambiguous instructions not to do so.

19. On April 8, 2013 at 9:39 am, Mr. Baril informed the Defendants that the call was being recorded and proceeded to record the conversation. The Defendants' agent stated the following, "These calls are all auto-dialed and I have no way to stop that." Mr. Baril instructed the Defendants a third time to stop calling him with an auto-dialer.

20. Defendants knowingly and/or willfully acted in the manner described above without permission and in fact after having been repeatedly instructed by Mr. Baril within a year prior to the filing of this complaint not to call him.

21. Defendants phone calls and phone contact with Mr. Baril was unreasonable and done with such frequency as to harass Mr. Baril, and in all events each call violated the TCPA and state law.

22. As a result of these actions, Mr. Baril has suffered damages including, but not limited to, mental anguish.

## COUNT I – VIOLATION OF THE TCPA

23. Mr. Baril repeats, re-alleges, and incorporates by reference all previous paragraphs as though fully stated herein.

24. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, violation of TCPA § 227b(1)(A)(iii) by calling Plaintiff using an

automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone without his express consent.

25. As a result, Mr. Baril has suffered damages and is entitled to declaratory relief under the TCPA, plus actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, plus treble damages pursuant to 47 U.S.C. § 227 from the Defendants.

## COUNT II - INVASION OF PRIVACY

26. Mr. Baril repeats, re-alleges, and incorporates by reference all previous paragraphs as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters when it passed the Telephone Consumer Protection Act, stating as part of its findings:

> "In implementing the requirements of [the TCPA], the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**"

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

28. In enacting the TCPA, Congress sought to protect the privacy interests of telephone subscribers, such as Mr. Baril, and place restrictions on unsolicited telephone calls placed to individuals' cell phones for commercial purposes, and by imposing obligations upon creditors engaging in debt collection, such as the

Defendant, to not place any calls to the cell phone of a consumer in violation of FCC regulations.

29. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including creditors engaging in debt collection, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

30. Defendants and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Mr. Baril by repeatedly and unlawfully attempting to collect an alleged consumer debt from Mr. Baril in a harassing manner, and thereby invaded Steven's privacy.

31. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Mr. Baril by repeatedly and unlawfully contacting his cell phone using an automatic telephone dialing system, after he previously instructed Defendants not to call him, and thereby invaded Mr. Baril's right to privacy.

32. Defendants and its agents intentionally and/or negligently caused mental anguish/suffering to Mr. Baril by engaging in highly offensive conduct in the course of trying to collect on the alleged debt, which amounted to a campaign to

intentionally and maliciously harass, bother, frustrate, agitate, aggravate, and annoy Mr. Baril, thereby invading and intruding upon Mr. Baril's right to privacy.

33. Mr. Baril had a reasonable expectation of privacy and to solitude, seclusion, private concerns and affairs.

34. The conduct of the Defendants and their agents, in engaging in the above-described illegal and harassing debt collection conduct against Mr. Baril, resulted in multiple intrusions and invasions of Mr. Baril's privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

35. As a result of such intrusions and invasions of Mr. Baril's privacy by Defendants, Mr. Baril has suffered damages in an amount to be determined at trial.

### *COUNT III - VIOLATION OF RSA 358-C*

36. Mr. Baril repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendants violated RSA 358-C, relating to Unfair, Deceptive or Unreasonable Collection Practices in the Regulation of Business Practices for Consumer Protection as outlined herein, to wit: "…causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously or at unusual times or at times known to be inconvenient with the intent to abuse, oppress or harass any person at the called number."

38. Defendants' acts as described herein were done intentionally with the purpose of harassing, and annoying Mr. Baril.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Mr. Baril to pay on the alleged consumer debt.

40. As a result of the above actions, Defendants violated RSA 358-C entitling Mr. Baril to injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

### *COUNT IV - VIOLATION OF RSA 570-A*

41. Mr. Baril repeats, re-alleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendants actions outlined herein against Mr. Baril violated RSA 570-A as they fall within the statutory language of RSA 570-A which states:

> "A person is guilty of a misdemeanor if, except as otherwise specifically provided in this chapter or without consent of all parties to the communication, the person knowingly intercepts a telecommunication or oral communication when the person is a party to the communication or with the prior consent of one of the parties to the communication, but without the approval required by RSA 570-A:2, II(d)."

43. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Mr. Baril, namely, by repeatedly and unlawfully not disclosing to Mr. Baril that the phone conversations with the Defendant were not being recorded and/or monitored.

44. As a result of the above violations Mr. Baril has suffered damages entitling him to, among other damages, the following: "Any person whose telecommunication or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts,

discloses, or uses, or procures any other person to intercept, disclose or use such communications, and be entitled to recover from any such person:

    a) Actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
    b) Punitive damages; and
    c) Reasonable attorney's fee and other litigation costs reasonably incurred."

## *DEMAND FOR JURY TRIAL*

Plaintiff Steven Baril requests a trial by jury for all Counts.

**WHEREFORE**, Plaintiff Steven Baril respectfully requests that this honorable court enter judgment against Defendants on all Counts and award:

A. As to the TCPA claims, actual monetary loss from such a violation, or up to $500 in damages for each such violation, whichever is greater;

B. Treble damages pursuant to the TCPA, 47 U.S.C. § 227(c)(5);

C. As to the invasion of privacy claims, an award of compensatory damages, punitive damages, and Plaintiff's reasonable attorney's fees and costs against the Defendants;

D. As to the wiretapping claims, an award of liquidated damages against the Defendant in the amount of at least $1,000 per day, punitive damages, and reasonable attorney's fees and costs against the Defendants;

E. Award Mr. Baril's costs and reasonable attorney's fees; and

F. For such other and further relief as the Court may deem just and equitable.

        RESPECTFULLY SUBMITTED,
        Steven Baril,

        Through his attorneys:
        The Augeri Law Group, PLLC

Date: May 14, 2013        /s/ Anthony S. Augeri
        Anthony S. Augeri, Esq.
        68 Main Street, Ste. 4
        Andover, MA  01810
        978.409.2565
        tony@augerilaw.com